# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 15-CR-93-LRR |
| vs. | **ORDER** |
| DANTE JAMAL GLINN, | |
| Defendant. | |

## I. INTRODUCTION

The matter before the court is Defendant Dante Jamal Glinn's "Motion in Limine" ("Motion") (docket no. 24).

## II. RELEVANT PROCEDURAL HISTORY

On October 15, 2015, the grand jury returned a two-count Indictment (docket no. 2), charging Defendant with theft of a firearm from a federally licensed firearms dealer in violation of 18 U.S.C. §§ 922(u) and 924(m) (Count 1) and possession of a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) (Count 2). Defendant has pleaded not guilty and a jury trial is scheduled to commence on December 21, 2015. *See* Trial Scheduling Order (docket no. 23). On December 7, 2015, Defendant filed the Motion. On December 9, 2015, the government filed a "Resistance to Defendant's Motion in Limine" ("Resistance") (docket no. 25). On December 10, 2015, the court held a final pretrial conference with the parties, during which they discussed the Motion. *See* December 10, 2015 Minute Entry (docket no. 33).

## III. ANALYSIS

Defendant requests pretrial rulings excluding the following evidence: (1) Defendant's prior convictions; (2) Defendant's alleged involvement in a shooting on August 27, 2015; (3) Defendant's current incarceration; and (4) DNA results from samples

collected from the crime scene and from a buccal swab of Defendant. The court will address each issue in turn.

## A. Prior Convictions

Defendant argues that the court should exclude evidence or mention of Defendant's prior convictions. Motion at 1. The government states that it "does not intend to introduce evidence of [D]efendant's prior convictions in its case-in-chief, unless [D]efendant makes those convictions relevant." Resistance at 1, 5. Accordingly, the court grants the Motion to the extent it seeks to exclude evidence of Defendant's prior convictions.

The court notes that the government "does intend to introduce evidence of [a] traffic stop on August 27, 2015," the statements made by Defendant and observations made by officers during the traffic stop. *Id.* at 5-6. Because the traffic stop is not a conviction, evidence regarding the stop is not precluded by this order's exclusion of evidence of Defendant's prior convictions. The government also states that it may refer to Defendant's November 30, 2012 conviction for making false statements to a law enforcement officer to impeach Defendant if he elects to testify. *Id.* at 6. The court will address any potential admissibility issues regarding the traffic stop and impeachment evidence if they arise during trial.

## B. August 27, 2015 Shooting

Defendant argues that the court should exclude evidence of Defendant's alleged involvement in a shooting that occurred on August 27, 2015. Motion at 1-2. Defendant has not been charged for the shooting, and he contends that the evidence "is too speculative," lacks a sufficient connection to the instant charges and is barred by Federal Rule of Evidence Rule 404(b) and, alternatively, Federal Rule of Evidence 403. *Id.* at 1-3. The government argues that circumstantial evidence and witness testimony connects Defendant to the shooting and, likewise, connects the shooting to the stolen firearm.

Resistance at 6-7. The government also contends that evidence of Defendant's alleged involvement is "not constrained by Rule 404(b) analysis" because it is intrinsic to proof of the instant charges. *Id.* at 7-8. Furthermore, the government argues that the evidence is not unfairly prejudicial warranting exclusion under Rule 403. *Id.* at 8.

"Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense; the rule does not prevent admission of other wrongful conduct that is intrinsic to the charged offense." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010). Evidence of wrongful conduct is intrinsic when it "is 'so blended or connected, with the [crimes] on trial as that proof of one incidentally involves the other; or explains the circumstances; or tends logically to prove any element of the crime charged.'" *United States v. Clay*, 618 F.3d 946, 955 (8th Cir. 2010) (quoting *United States v. Bass*, 794 F.2d 1305, 1312 (8th Cir. 1986) (alterations omitted)).

Evidence of Defendant's alleged involvement in the August 27, 2015 shooting is intrinsic to the instant charges. The government proposes to show that witnesses identified Defendant as the shooter, that the shooting involved a firearm matching the appearance and caliber of the stolen firearm and that the shooting occurred only two days after Defendant allegedly stole the firearm. This evidence places the stolen firearm in Defendant's possession two days after it was stolen. Defendant's possession of the firearm on August 27, 2015 is intertwined with the allegation that Defendant gained possession of the firearm by stealing it from the firearm dealer on August 25, 2015 and, further, is an essential element of the lesser-included offense that Defendant possessed a stolen firearm. Therefore, evidence of the August 27, 2015 shooting is admissible as intrinsic to the charges at issue and Rule 404(b) is inapplicable.

Notwithstanding the applicability of Rule 404(b), Defendant argues that evidence of the shooting must be excluded under Rule 403 because it poses a danger of unfair prejudice. Motion at 3-4. The court disagrees. Rule 403 provides that "[t]he court may

exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. As described above, the evidence is highly probative of Defendant's possession of the firearm two days after its theft from the firearm dealer. Further, the government notes that its evidence will not include proof "of injuries or deaths or anything else that would inflame the jury," Resistance at 8, which will keep the purported danger of prejudice in check. Based on the highly probative value of the evidence and the limits the government intends to self-impose when offering it at trial, the court concludes that any danger of unfair prejudice posed by the evidence does not substantially outweigh its probative value. Accordingly, the court denies the Motion to the extent it seeks to exclude evidence of Defendant's alleged involvement in the August 27, 2015 shooting.

### C. Defendant's Current Incarceration

Defendant argues that the court should exclude any evidence or mention of his incarceration since his arrest for the instant offense. Motion at 4. The government states that it "does not intend to introduce evidence of [D]efendant's incarceration in its case-in-chief" unless it is made relevant by Defendant. Resistance at 9. Accordingly, the court grants the Motion to the extent it seeks to exclude evidence of Defendant's incarceration.

### D. DNA Evidence

Defendant argues that the court should exclude evidence of the DNA test results from samples taken from the scene of the alleged theft and from Defendant. Motion at 4. Defendant contends that the evidence should be excluded because it "will not be disclosed to the defense in time . . . to allow adequate preparation for trial." *Id*. The government argues that the delay of the DNA testing was caused by Defendant's conduct and that, in any event, exclusion is unwarranted because the proper remedy is to continue trial until the DNA results are available. Resistance at 9-10.

Shortly after filing the Motion, Defendant filed a Motion to Continue Trial (docket no. 32). In the Motion to Continue Trial, Defendant requested that the trial be continued to provide time for the completion of DNA testing. Motion to Continue Trial at 1-2. At the final pretrial conference, the court denied the Motion to Continue Trial without prejudice, *see* December 10, 2015 Minute Entry, after reasoning that it was premature to conclude that the DNA results would not be ready at a sufficient time before trial.

If the DNA results are not available as the trial draws nearer, the court will consider a renewed motion to continue if one is filed by the parties at that time. However, the court declines to exclude admission of the DNA results on the grounds that the late completion of the DNA tests interferes with Defendant's ability to prepare for trial as currently scheduled. Accordingly, the court denies the Motion to the extent it seeks to exclude evidence of the DNA test results.

## IV. CONCLUSION

In light of the foregoing, Defendant Dante Jamal Glinn's Motion in Limine (docket no. 24) is **GRANTED IN PART** and **DENIED IN PART**.

Each party is charged with the responsibility of cautioning its witnesses as to the substance of this Order. If during the presentation of evidence a party believes that a prohibited subject has become relevant or that the necessary predicates for admission have been established, the party may request an opportunity to argue for admissibility of the evidence outside the presence of the jury. Each ruling in this Order is binding on all parties.

**IT IS SO ORDERED**.

**DATED** this 15th day of December, 2015.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA